OPINION
PER CURIAM.
Curtis Allen Young, a federal inmate, appeals from an order denying his habeas corpus petition under 28 U.S.C. § 2241. We will affirm.
In 2002, a jury in the United States District Court for the Eastern District of Virginia convicted Young of uttering counterfeit securities; falsely making a counterfeit security; possession of cocaine with intent to distribute; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(e)(1) (“Count 5” of the Indictment); and possession of a firearm after a felony conviction. The trial court imposed a sentence of, inter alia, 60 months on Count 5, to be served consecutively to 145 months in prison for the other convictions. The United States Court of Appeals for the Fourth Circuit affirmed, and the United States Supreme Court denied certiorari review.
In 2004, Young filed a motion in the trial court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel, improper use of perjured testimony, insufficiency of the evidence, and sentencing error. The trial court denied relief on the merits, and the Fourth Circuit denied Young’s application for a certificate of ap-pealability.
After additional unsuccessful post-conviction filings in the trial court, Young filed an application in December 2007 with the *168 Fourth Circuit seeking permission under 28 U.S.C. §§ 2244 and 2255 to file a second or successive § 2255 motion. Young claimed that, based on his recent receipt of a copy of the trial court’s jury instructions, he is entitled to § 2255 relief because the trial court constructively amended Count 5 through its instructions, and counsel was ineffective in failing to object to those instructions. On January 15, 2008, the Fourth Circuit denied Young leave to file the proposed second or successive § 2255 motion.
Young then commenced this habeas proceeding under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, his district of confinement. He argued that he should be permitted to proceed with his claim that the trial court improperly amended the indictment through its jury instructions because § 2255 is “inadequate or ineffective” to test the legality of his conviction on Count 5. After the government filed a response in opposition, the Magistrate Judge concluded that Young cannot show that his remedy under § 2255 is inadequate or ineffective, and rejected Young’s argument that his claim falls within the narrow exception for seeking § 2241 relief recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir.1997). The District Court overruled Young’s objections and agreed with the Magistrate Judge that Young failed to meet the test for proceeding under § 2241 rather than § 2255. Young timely filed this appeal.
We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s legal conclusions, and we apply a clearly erroneous standard to the court’s factual findings. Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).
Young’s argument for relief turns on the language of 18 U.S.C. § 924(c)(1)(A), the provision under which he was charged in Count 5. Section 924(c)(1)(A) provides in relevant part that “any person who, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall ... be sentenced to a term of imprisonment of not less than 5 years[.]” Count 5 of the indictment charged Young with “possess[ing] a firearm ... in furtherance of a drug trafficking crime.” Young argues that the trial court constructively amended the indictment language by giving instructions that purportedly allowed the jury to convict him based on conduct other than possessing firearms in furtherance of a drug trafficking crime, such as “using or carrying” a firearm in furtherance of a drug trafficking crime, or possessing a firearm “during and in relation to” a drug trafficking crime. Appellant’s Br. at l.[1] Thus, Young argues, he either was convicted of an offense not charged in the indictment, or convicted of an offense that does not exist under § 924(c)(1)(A).
After a careful review of the record, we agree with the District Court that Young cannot proceed with his claim under § 2241. A § 2255 motion is “the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Con *169 stitution.” Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). A prisoner can raise such a challenge via § 2241 only upon showing that § 2255 is “inadequate or ineffective to test the legality of his detention.” § 2255(e). Section 2255 is not “inadequate or ineffective” merely because the Fourth Circuit Court of Appeals denied Young permission to file a second or successive § 2255 motion raising his present claim. See In re Dorsainvil, 119 F.3d at 251. Indeed, the safety valve provided under § 2255 is quite narrow, see id., and it clearly does not apply here.
In In re Dorsainvil, the petitioner argued that his conduct was made noncriminal in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and given his inability to proceed under § 2255, we held that he could use § 2241 to challenge his conviction for a crime that an intervening change in the substantive law may have negated. 119 F.3d at 251. Young, in contrast, does not rely on an intervening change in the law to argue that his conduct is noncriminal under § 924(c)(1)(A). In addition, unlike the petitioner who “had no earlier opportunity to challenge his conviction,” In re Dorsainvil, 119 F.3d at 251, Young merely asserts that he failed to raise his claim in prior proceedings because he was unable to obtain a copy of the jury instructions. We agree with the Magistrate Judge that Young has not established that he acted diligently to obtain the jury instructions or trial transcripts, or that he could not have obtained this allegedly “unavailable” material in time to raise his claims on direct appeal, or in his first § 2255 proceeding. See Report & Rec. at 21-22. Thus, Young cannot viably contend that he lacked an earlier opportunity to challenge his conviction on the ground now asserted.
Furthermore, as the District Court observed, Young has no viable claim that he may now be innocent of the crime for which he was charged and convicted — possessing a firearm in furtherance of drug trafficking. Young does not deny ownership of the weapons at issue, and clearly he possessed those weapons in furtherance of trafficking, as expressly found by the Fourth Circuit Court of Appeals when it rejected Young’s challenge on direct appeal to the sufficiency of the evidence to support the conviction on Count 5.[2] Moreover, the “Special Verdict Form” used at trial establishes that the jury found Young guilty in Count 5 of “Possession of a Firearm in Furtherance of a Drug Trafficking Crime” — precisely the crime for which he was charged. Finally, the District Court correctly concluded that Young failed to carry his burden, through citation to any record evidence, that the jury actually convicted him of a crime different from the one charged, and the Special Verdict Form amply confirms that, notwithstanding the trial court’s purported instructions on Count 5, the jury convicted on the offense charged.
*170 We will affirm the District Court’s judgment.

. Young has not submitted a copy of the trial transcript in support his claim. He relies instead upon a copy of a written jury instruction, which the trial court purportedly used to instruct the jury on § 924(c)(1)(A) as follows: " 'Whoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, ... in furtherance of any such crime, ... shall, ...' be guilty of an offense against the United Slates.” Young also cites a separate instruction that the trial court purportedly gave defining the phrase “carries or possesses a firearm.”

. See United States v. Young, 58 Fed.Appx. 980, 983 (4th Cir.2003) (“We conclude that there was sufficient evidence to find that Young had knowledge of and access to the firearms and possessed the firearms to further his drug activity. Along with the statement he made to police regarding the location of the firearms, Young also acknowledged possession of the firearms when he appeared at his bond hearing and told the magistrate judge that ‘the guns are mine.’ Furthermore, the weapons recovered were a fully loaded handgun and a fully loaded rifle that were found in the same residence as the cocaine. The handgun was located on top of a headboard, and the rifle was under a bed, making them readily accessible. Also, as a convicted felon, Young's possession of the weapons was illegal. Based on the evidence, a jury could reasonably conclude that a connection existed between Young's possession of the firearms and his drug trafficking activity.”).